# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CORY ERVEN,

    Plaintiff,

v.                                           No. CIV-04-0353 RB/LFG

ERASMO BRAVO, Warden, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(a), and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff will be required to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants subjected Plaintiff to excessive force during an



incident at the Guadalupe County, New Mexico, Correctional Facility. Plaintiff also alleges he was denied necessary medical treatment and improperly segregated. He claims these actions violated a number of his constitutional protections, and he seeks injunctive relief and damages.

Plaintiff makes no allegations regarding exhaustion of administrative remedies. According to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." Under Tenth Circuit interpretation of the statute, a prisoner must plead exhaustion in his complaint. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-1213 (10th Cir. 2003). "If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). The only indication of administrative proceedings is in copies of disciplinary forms attached to the complaint. Even assuming for purposes of this order that Plaintiff exhausted available appeals of disciplinary rulings, he makes no showing that he exhausted his excessive force and medical claims. *See id.* Plaintiff will be required to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall file a response showing cause why his complaint should not be dismissed for failure to exhaust administrative remedies.

_____
UNITED STATES MAGISTRATE JUDGE

2